Turley. J.
delivered the opinion of the court.
The only question presented for the consideration of the court in this case, is, whether a sale of land under execution, made by a sheriff on the second day of the term of the court to which the execution is returnable, is void. This court, in the case of Overton vs. Perkins, 10 Yerger, held that a levy of an execution upon land vested no right thereto in the sheriff, and that if he sold after the return day of the execution without a venditioni exponas, the sale was made without authority, and was consequently void.
Then, to see whether the principle of this decision applies to the present case, it becomes necessary to ascertain at what period of time executions from our courts are returnable; If an execution be made returnable to a term of the court, and no particular day be specified when it is to be returned, either in the process itself or by the law, it is returnable to the term at any day thereof, because, by fiction of law, á term is but one day. Then the question is, is there a particular day specified in the process? If there is not, is there oñe by the law? There is none in the process: the order is to have the monies before the justices of the court of pleas and quarter sessions, at a court t® be held for the county of Stewart, at the court-house in the town of Dover, on the first Monday in August. This order makes the process returna* hie to the term in general, and not to any particular day thereof. Is there a particular day prescribed by law? It is contended that there is: 1st. By the act of 1794, ch. 1, sec. 10; and 2d. By the act of 1803, ch. 18, sec. 1. The act of 1794 provides that “all writs and other process, except subpoenas for witnesses, returnable immediately, shall be returned to the first day of the term to which the same shall be returnable, and shall be executed at least ten days before the begin* niñg of such term; and if any original or mesne process shall be taken out within ten days before the beginning of any term, such process shall be made returnable to the term next succeeding that which shall commence within ten days after taking out such process, and not otherwise; and all process made'returnable at any other term, or executed at any other *42 time or in any other manner than by this act directed, shall - be adjudged void upon the plea of the defendant.”
This statute is loosely worded, but we think upon a close investigation it will be obvious that it was intended to apply to leading process, and not to final. It provides that all process shall be returnable to the first day of the term, and shall be executed at least ten days before. W'hat is an execution of process? It is the performance of its mandates. Of a capias ad satisfaciendum, it is to arrest the body; of & fieri fa-cias, it is to make the monies. Now to say that a fieri fa-cias shall be executed ten days before court, would make it the duty of the sheriff to collect all monies within that time, and would make it illegal for him either to levy or sell thereafter, a thing that no one has ever thought of. Furthermore, it provides that if any original or mesne process be taken out within ten days before the term such process shall be returnable to the next succeeding term, and that all process made returnable at any other term, or executed in any other manner, shall be held void upon plea, &c. Now a fieri facias is not embraced in the words original or mense process, though it is in the words “all process.” What, then, shall be done with a fieri facias issued within ten days of the commencement of a term. It .cannot be returnable to the succeeding term, because it is not so provided by the statute, and if the words “all process made returnable at any other term,” prevents it being returned to the first term after issued, tlien it is returnable no where, and the consequence is tííat a fieri facias cannot be sued out within ten days of a term, a principle which might be productive of much mischief. But furthermore, the statute provides that the process served in any other manner than therein prescribed shall be void upon plea. Now what doe's this mean but that the defendant must plead the matter in abatement if he wishes to take advantage of it, and that, if he enters his appearance and pleads in bar, the defect is cured? To talk about avoiding a fieri facias by plea, would be something new in the law.
We therefore think that the statute of 1794, ch. !,sec. 10, does not embrace a fieri facias within its spirit and meaning, though it does within its words. The act of 1803 provides *43 that if any sheriff, coroner or other officer of this State shall fail or refuse to make return of any execution that may come to his hands, issued from the clerk of the county or circuit where such sheriff, coroner or other officer resides, on or before the second day of the term to which said execution is made returnable, judgment may be rendered against him and his securities, on motion, for the money and costs mentioned in such execution. This statute makes it the duty of the officer to return fiis executions to the second day of the term, and inflicts a heavy punishment upon him if he neglects to do so. To say that executions are. not returnable on the second day of the term would be to violate, as we think, the spirit and meaning of this act. We therefore think that executions are returnable to the second day of the term, and that no action can be had under them after that time; but they are in full force during the day upon which they are returnable, and a sale made on that day is as good and valid as if it had been made at any period of time before. Then the circuit judge erred in determining that the sheriff’s sale, under and by virtue of which the plaintiff’s claimed the premises in dispute, was void. The judgment will therefore be reversed, and the cause remanded for a new trial..